UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HEATHER ELIZABETH GORDON, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:22-cv-00477 |
| v. | ) ) | JUDGE RICHARDSON |
| JUDGE PHILIP SMITH, et al., | ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Heather Elizabeth Gordon filed a pro se Complaint under 42 U.S.C. § 1983 against

Judge Philip Smith, Trudy Bloodworth, and U.S. Air Force Major Michael Alan Gordon. (Doc.

No. 1.) Plaintiff also filed an application to proceed as a pauper. (Doc. No. 2.) Therein, Plaintiff

sufficiently demonstrates that she cannot pay the full civil filing fee in advance "without undue

hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir.

2001). Accordingly, the application (Doc. No. 2) is **GRANTED**. Before proceeding, however, the

Court must address whether it has jurisdiction over the Complaint.

"Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139

S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The Court has original subject-matter jurisdiction over cases that arise under federal law, known

as federal-question jurisdiction, or cases between citizens of different states in which the amount

in controversy exceeds $75,000, known as diversity-of-citizenship jurisdiction.[1] *Id*. at 1746 (citing

28 U.S.C. §§ 1331, 1332(a)). However, the "domestic relations exception" to subject-matter

---

[1] The Court must dismiss without prejudice any case in which the plaintiff fails to establish subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005).

jurisdiction precludes federal courts from hearing any cases that "involv[e] the issuance of a divorce, alimony, or child custody decree." *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)). The exception applies when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Id*. (quoting *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (citation omitted)). The "remedy that the plaintiff seeks" determines whether the exception applies. *Chevalier*, 803 F.3d at 797 (citing *Catz v. Chalker*, 142 F.3d 279, 292 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006)).

The domestic relations exception precludes the Court from exercising subject-matter jurisdiction in this case. The Complaint arises from a long-running divorce and child custody dispute between Plaintiff and her spouse, and it alleges that Defendants engaged in wide-ranging malfeasance resulting in an improper award to Major Gordon of custody of Plaintiff's son. (*See* Doc. No. 1.) Among other remedies, the Complaint seeks invalidation of the state-court judgment; a new trial; "reversal" of the custody order; and an injunction precluding the spouse from being awarded custody. *Id*. at 32-33. These remedies comprise "a request for a favorable determination of 'who should have care for and control' [Plaintiff's child]." *Carter v. Dep't of Children Servs.*, No. 3:19-cv-00856, 2020 WL 636574, at *2 (M.D. Tenn. Feb. 10, 2020) (quoting *Chevalier*, 803 F.3d at 797). Thus, Plaintiff asks the Court to "modify or interpret an existing divorce . . . or child-custody decree." *Alexander*, 804 F.3d at 1205-06. The "domestic relations exception was designed to prevent" the Court from becoming "entangl[ed]" in precisely "such difficult questions of state family law." *Id.* at 1206.

The Court therefore concludes that Plaintiff's request for relief is "outside the jurisdiction of the federal courts."[2] *Chevalier*, 803 F.3d at 797 (citing *Catz*, 142 F.3d at 292). Pursuant to the domestic relations exception, the Complaint is **DISMISSED WITHOUT PREJUDICE**. *See, e.g., Hughes v. Hamann*, 23 F. App'x 337 (6th Cir. 2001) (affirming dismissal of pro se civil rights action seeking "a declaration that [the plaintiff's] rights have been violated" and "a decision on the merits of the custody issue"); *Carter*, 2020 WL 636574, at *3 (dismissing pro se claims where "the crux of the Complaint is a challenge to child custody proceedings in the Davidson County Juvenile Court"). This form of dismissal allows Plaintiff to pursue a new action concerning these or others matters in the appropriate court, subject to all applicable rules and time limits. The Court takes no position on any case Plaintiff may file in the future.

IT IS SO ORDERED.


*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Because the domestic relations exception applies in this case, the Court does not consider whether Plaintiff's claims related to the outcome of state custody proceedings are also subject to dismissal under the *Rooker-Feldman* doctrine. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (explaining that *Rooker-Feldman* precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).